**Misc. No. 141**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

IN RE BROADCOM CORPORATION, QUALCOMM INCORPORATED, AND QUALCOMM ATHEROS, INC.

*Petitioners.*

---

## NON-CONFIDENTIAL REPLY BRIEF IN SUPPORT OF

## PETITION FOR WRIT OF MANDAMUS

---

DOMINIC E. MASSA
LOUIS W. TOMPROS
JASON H. LISS
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*Attorneys for Petitioner Broadcom Corporation*

MATTHEW J. BRIGHAM
JEFFREY S. KARR
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5677

*Attorney for Petitioners Qualcomm Incorporated and Qualcomm Atheros, Inc.*

November 20, 2012

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES .................................................................. iii

CONFIDENTIALITY STATEMENT ..................................................... v

INDEX OF EXHIBITS ........................................................................ vi

INTRODUCTION ................................................................................ 1

ARGUMENT ....................................................................................... 2

    I.    The District Court Erred by Failing to Enforce the Mandatory Forum Selection Clause under 28 U.S.C. § 1406. ............................................ 2

        A.    Amplicon Does not "Turn on the State-Federal Distinction." .... 3

        B.    Every Circuit Court that Has Considered Respondents' "State-Federal Distinction" Has Rejected It .......................................... 5

        C.    Respondents' "State-Federal Distinction" Would Frustrate Enforcement of Forum Selection Clauses in Patent Licenses .... 7

    II.    The District Court Erred in its Application of § 1404(a). ..................... 9

    III.    TCEF's Interests Should not Have Been Considered under Any Standard. .......................................................................................... 12

CONCLUSION .................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Crescent Int'l, Inc. v. Avatar Communities, Inc.*,
  857 F.2d 943 (3d Cir.1988) ..............................................................................4, 5

*Haynsworth v. The Corp.*,
  121 F.3d 956 (5th Cir. 1997) ...........................................................................4, 7

*IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc.*,
  437 F.3d 606 (7th Cir. 2006) ...................................................................................9

*In re Ricoh Corp.*,
  870 F.2d 570 (11th Cir. 1989) ......................................................................10, 11

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ...................................................................................9

*Int'l Software Sys., Inc. v. Amplicon*,
  77 F.3d 112 (5th Cir. 1996) ...................................................................1, 3, 4, 5

*Jumara v. State Farm Inc. Co.*,
  55 F.3d 873 (3d Cir. 1995) .....................................................................7, 11, 12

*Lim v. Offshore Specialty Fabricators, Inc.*,
  404 F.3d 898 (5th Cir. 2005) ...................................................................................4

*M/S Bremen v. Zapata Offshore Co.*,
  407 U.S. 1 (1972)................................................................................................passim

*Muzumdar v. Wellness Int'l Network, Ltd.*,
  438 F.3d 759 (7th Cir. 2006) ...................................................................................6

*Nutter v. New Rents, Inc.*,
  945 F.2d 398 (4th Cir. Oct. 1, 1991) ....................................................................4

*Polar Mfg. Corp. v. Michael Weinig, Inc.*,
  994 F. Supp. 1012 (E.D. Wis. 1998) .....................................................................9

*Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc.*,
  619 F.3d 90 (1st Cir. 2010)......................................................................................6

iii

*Salovaara v. Jackson Nat. Life Ins. Co.*,
  246 F.3d 289 (3d Cir. 2001) .............................................................6, 7

*Sec. Watch, Inc. v. Sentinel Sys., Inc.*,
  176 F.3d 369 (6th Cir. 1999) .................................................................6

*Slater v. Energy Servs. Grp. Int'l, Inc.*,
  634 F.3d 1326 (11th Cir. 2011) ............................................................6

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988)...................................................................passim

*Terra Int'l, Inc. v. Miss. Chem. Corp.*,
  119 F.3d 688 (8th Cir. 1997) ...............................................................12

*TradeComet.com LLC v. Google, Inc.*,
  647 F.3d 472 (2d Cir. 2011) ..................................................................5

*Union Elec. Co. v. Energy Ins. Mut. Ltd.*,
  689 F.3d 968 (8th Cir. 2012) .................................................................6

## STATUTES

28 U.S.C. §1404(a) .......................................................................passim

28 U.S.C. § 1406..................................................................2, 4, 7, 9

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1)..........................................................................4

Fed. R. Civ. P. 12(b)(3)........................................................................4, 7

Fed. R. Civ. P. 12(b)(6)..........................................................................7

Fed. R. Civ. P. 12(h) ..............................................................................4

## CONFIDENTIALITY STATEMENT

Material has been omitted from the Index of Exhibits pages 1, 12, and 13 of Petitioners' non-confidential reply because these pages describe and contain information concerning business arrangements of the parties and third-parties, which information is subject to a protective order entered in the district court.

Confidential material has been deleted from this page.

## INDEX OF EXHIBITS

1. ██████████████████████████████
   ███

Confidential material has been deleted from this page.

## INTRODUCTION

Respondent Azure Networks, LLC ("Azure") and its sister company have sought out local charities in the Eastern District of Texas, donated patents to them, and immediately licensed them back—all to evade what Azure's principals have called {███████████████████████} that would otherwise apply to the dozens of patent infringement suits that they have filed. Azure now claims that the "local" interests of its affiliate charities should be given weight, because the patent donation and license-back scheme was purportedly intended to reduce tax liability, not to manipulate venue. Moreover, Azure claims that these manufactured "local" interests outweigh an admittedly mandatory and admittedly binding forum selection clause, merely because the forum selection clause permits suit to be brought in a federal forum.

Respondents' analysis—ignoring the binding, mandatory nature of the forum selection clause, and giving weight to the convenience of Respondent Tri-County Excelsior Foundation ("TCEF")—is wrong for at least three reasons, and the district court erred by following it. *First*, Respondents' "state-federal distinction" interprets Fifth Circuit law as distinct from and contrary to that of every other circuit. The Fifth Circuit's decision in *Amplicon* did not turn on any such "state-federal distinction," nor does the law in any other circuit. *Second*, Respondents'

application of 28 U.S.C. §1404(a) would undermine the enforceability of forum

selection clauses in patent-related agreements.  Not only is § 1404(a) the wrong

statute to apply, but the district court erred in applying that standard by considering

the convenience of parties who, by virtue of the forum selection clause, had waived

their objection to New York as a less convenient venue.  ***Third***, weighing the

convenience of witnesses related to the suit only by virtue of their connection to

TCEF would allow and encourage manipulation of federal venue rules through the

use (or abuse) of tax rules related solely to charitable contributions.  Mandamus is

appropriate to correct these clear errors.

## ARGUMENT

### I.     The District Court Erred by Failing to Enforce the Mandatory Forum Selection Clause under 28 U.S.C. § 1406.

Respondents do not dispute that they are bound by the mandatory forum

selection clause in the Bluetooth SIG license agreement.  Response in Opposition

to Petition for Writ of Mandamus ("Opp.") at 7, 19.  They likewise correctly

acknowledge that Broadcom moved to dismiss or transfer pursuant to that clause,

under 28 U.S.C. § 1406.  Opp. at 1, 6.  It was therefore Respondents' "heavy

burden" to show enforcement would be unfair or unreasonable.  *M/S Bremen v.*

*Zapata Offshore Co.*, 407 U.S. 1, 10 (1972).  They made no effort to do so before

the district court, and make no effort to do so in their opposition to Broadcom's

petition.  Mandamus is therefore proper, because the district court erred by not holding Respondents to their heavy burden.

Respondents argue that because "the designated venue in [the] forum selection clause includes another federal court," the forum selection clause "is only one factor to be considered" under 28 U.S.C. § 1404(a).  Opp. at 19 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)).  Thus, according to Respondents, a forum selection clause must specify only a ***non-federal forum*** to assure that it will be enforced; forum selection clauses including a federal forum, according to Respondents, are merely convenience factors under the supposed "state-federal distinction."  Opp. at 20.  But Respondents' "state-federal distinction" finds no support in the Fifth Circuit or any other, has been explicitly rejected by the Second, Eighth, and Eleventh Circuits, and—because many patent disputes must be brought in federal court—would substantially curtail otherwise-binding mandatory forum selection clauses.

## A.   *Amplicon* Does not "Turn on the State-Federal Distinction."

In *Amplicon,* the Fifth Circuit joined those federal courts that "continue to apply *Bremen* to motions to dismiss based on a forum selection clause."  *Int'l*

*Software Sys., Inc. v. Amplicon*, 77 F.3d 112, 115 (5th Cir. 1996). As Respondents recognize, Broadcom brought just such a motion.[1]  Opp. at 1, 6.

Respondents claim that "*Amplicon* turned on the state-federal distinction," and that "the Fifth Circuit adopted the *Bremen* standard because its sister circuits had done so where the forum selection clause" did not include federal courts. Opp. at 20 ("*Amplicon* merely stands for the proposition that *Bremen* applies where the forum selection clause identifies a non-federal forum."). This is wrong. Two of the "sister circuit" cases cited in *Amplicon* involved forum selection clauses that **did** permit the selection of a federal forum. *See Amplicon*, 77 F.3d at 115 (citing, *inter alia*, *Nutter v. New Rents, Inc.*, 945 F.2d 398 (4th Cir. Oct. 1, 1991) (unpublished table decision), and *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943 (3d Cir.1988)); *Nutter*, 945 F.2d 398, at *1, *6 (rejecting contention that court should apply *Stewart* to motion to dismiss when forum selection clause

---

[1]    Respondents argue that *Stewart* applies because Broadcom's motion was "effectively" only a motion to transfer because it was brought after Broadcom answered. Opp. at 21-22. But Broadcom's Answer denied the propriety of venue as required by Rule 12(h), and Fifth Circuit law permits motions to dismiss to be brought under **either** Rule 12(b) or § 1406. *See Amplicon*, 77 F.3d at 114 (dismissing under § 1406(a)); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) (dismissing under Rule 12(b)(3)); *see also Haynsworth v. The Corp.*, 121 F.3d 956, 961 (5th Cir. 1997) (declining to reach the "enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Fed. R. Civ. P. 12(b)(1), 12(b)(3), or 12(b)(6), or 28 U.S.C. § 1406(a)"). Nor did Respondents ever challenge the timeliness of Broadcom's motion before the district court.

stated "all parties irrevocably submit to the jurisdiction of the Civil District Court of the Parish of Orleans, State of Louisiana, **and the United States District Court, Eastern District of Louisiana**" (emphasis added)); *Crescent*, 857 F.2d at 944 ("The agreement chose Florida law and provided that 'any litigation upon any of [its] terms.... shall be maintained' in a state **or federal court** in Miami, Florida." (emphasis added)).[2]

Thus, contrary to Respondents' portrayal of *Amplicon*, the Fifth Circuit specifically chose "to join the other courts" in applying *Bremen* instead of *Stewart*, "rather than make a **circuit** split and further complicate this area of law." *Id*. (emphasis added).

### B. Every Circuit Court that Has Considered Respondents' "State-Federal Distinction" Has Rejected It.

Respondents' position—that a district court may not apply *Bremen* to dismiss a case based on a forum selection clause allowing for a federal forum—is not followed by any circuit court, and has been explicitly rejected by the Second, Eighth, and Eleventh Circuits. *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 478 (2d Cir. 2011) ("reject[ing]" the "argument that a § 1404(a) motion to

---

[2]    The *Amplicon* court did reference three **district** court decisions which "suggested that a motion to dismiss is not an appropriate means of enforcing a forum selection clause." 77 F.3d at 115.  But district courts are not "sister circuits" as Respondents appear to suggest, and in any event the circuits in which those districts lay have all since rejected that position.  *See* Part I(B), *infra*.

5

transfer is the only appropriate vehicle for enforcing a forum selection clause when the clause at issue permits an alternative federal forum"); *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012) ("[T]he reasoning in *Stewart* nowhere *requires* a court to consider a forum selection clause pursuant to § 1404(a) . . . [T]his is an untenable reading of *Stewart* because there was no dismissal motion before the Court in that case.") (emphasis in original); *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1333 (11th Cir. 2011) (rejecting contention that "a party seeking enforcement of a domestic forum selection clause must request a transfer to the proper venue pursuant to § 1404(a)"); *see also Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90, 92-93 (1st Cir. 2010) (applying *Bremen* to dismiss a case based on forum selection clause specifying venue in state or federal court in certain county); *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374 (6th Cir. 1999) (same); *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 761-62 (7th Cir. 2006) (same).

Respondents are wrong to suggest that the rule in the Third Circuit (even if it were applicable) is any different. Rather, like every other circuit, the Third Circuit does **not** apply Respondents' state-federal distinction. *See Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001) ("Our holding . . . leaves no doubt that a 12(b)(6) dismissal is a permissible means of enforcing a forum

selection clause that allows suit to be filed in another federal forum."). The Third

Circuit's preference that such motions be brought under Rule 12(b)(6)—as

opposed to § 1406(a) or Rule 12(b)(3), *see Salovaara*, 246 F.3d at 298 (citing

*Jumara v. State Farm Inc. Co.*, 55 F.3d 873, 878-79 (3d Cir. 1995))—does not

prohibit dismissal on other bases, and does not require a § 1404 analysis for a

forum selection clause.[3] The circuit courts may disagree on how ***best*** to dismiss a

case based on federal forum selection clause, but no circuit holds that analysis

under § 1404 is required, as Respondents propose.

### C.    Respondents' "State-Federal Distinction" Would Frustrate Enforcement of Forum Selection Clauses in Patent Licenses.

Along with thousands of other technology companies, each party in this case

is bound by the terms of the Bluetooth SIG license and its forum selection clause.

That license makes possible the interoperability of every Bluetooth product

worldwide, and its terms should be upheld in accordance with the expectations of

those bound by it. *Stewart*, 487 U.S. at 33 (1988) ("Courts should announce and

encourage rules that support private parties that negotiate [forum selection]

---

[3]     The circuits are split as to the most appropriate vehicle for dismissing a case pursuant to a forum selection clause. *See Haynsworth v. The Corp*., 121 F.3d 956, 961 n.8 (5th Cir. 1997) (collecting cases). That question is not before this Court; the Fifth Circuit expressly permits dismissal under § 1406—which, as Respondents acknowledge, is precisely what Broadcom sought. *See supra* n.1.

clauses.") (Kennedy, J., concurring).  Accordingly, an order dismissing or

transferring the case must issue unless the party seeking to avoid enforcement of

the forum selection clause demonstrates that it should not be enforced.  *Bremen*,

407 U.S. at 10.  Respondents alone bore that burden, but they made no effort to

satisfy it before the district court, and the district court erred by shifting the burden

to Petitioners.

Respondents cannot justify rejecting the Bluetooth SIG license, or the forum

selection clause of countless other patent licenses involving multiple parties.  If

Respondents were correct that a "state-federal distinction" applies, a party to any

patent license would be free to ignore its contractual obligations and avoid the

enforcement of a forum selection clause, unless all other parties meet § 1404's

"clearly more convenient" standard.  Because only federal courts can hear patent

infringement suits, Respondents' rule would undermine the enforceability of forum

selection clauses in patent-related agreements.  Parties to a license could not be

certain of its forum selection clause's enforcement, ***even if*** it specifically applied to

infringement or invalidity actions concerning the licensed patent.  Respondents

offer no authority, and no justification, for such a result.

## II.    The District Court Erred in its Application of § 1404(a).

As Broadcom asserted before the district court,[4] a forum selection clause

"represents the parties' agreement as to the most proper forum." *See* Ex. 26,[5] at 6-

7 (citing *Stewart*, 487 U.S. at 31). Parties bound by such a clause "waive [their]

right to assert [their] own inconvenience" as a basis for disregarding it. *Id.* (citing

*Polar Mfg. Corp. v. Michael Weinig, Inc.*, 994 F. Supp. 1012, 1017 (E.D. Wis.

1998)); *see also IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc.*, 437 F.3d 606,

613 (7th Cir. 2006) ("[A] party's inconvenience has no weight if the [forum

selection] clause is valid because the party waived any objection based on

inconvenience to it by agreeing to the clause.").

---

[4]    Respondents' criticism of Broadcom's purported "failure" to present a § 1404(a) analysis before the trial court is meritless. Opp. at 23. **First**, Broadcom moved under § 1406(a), and it was the district court that erroneously analyzed Broadcom's motion to dismiss as a § 1404(a) motion to transfer. **Second**, in its objections to the magistrate judge's ruling, Broadcom specifically addressed the errors that the magistrate judge made in its application of § 1404(a). *See* Ex. 26, at 6-7. Moreover, the district court's decision not to enforce the mandatory forum selection clause—whether considered under § 1406(a) or § 1404(a)—presents the same problems as a patently erroneous failure to transfer venue. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318-19 (5th Cir. 2008) (mandamus was appropriate because (i) petitioner would not be able to show it would have won in a different forum, (ii) the harm—inconvenience to witnesses, parties, and others— will already have been done, and (iii) district courts have developed their own tests, with insufficient regard for consistency of outcomes).

[5]    Unless otherwise indicated, all references to "Ex." are to the exhibits attached to Petitioners' Petition for Writ of Mandamus.

Respondents apparently misunderstand this point, because they argue that *every* party to the Bluetooth SIG license, has "similarly waived its claim to convenience" by agreeing to the forum selection clause. Opp. at 24, n.10. But by agreeing that New York is the exclusive venue to hear disputes arising from the license, the parties have waived their objections to venue in *New York*, not their objections to *any* venue, as Respondents suggest.

Respondents also emphasize that "*none of the parties* are incorporated or have their principal places of business in New York." Opp. at 23 (emphasis in original). *See* Ex. 1, at *7 (the forum selection clause "does not outweigh the lack of convenience to the parties if the case were transferred to New York"). But consideration of factors bearing solely on the parties' convenience—including their location of incorporation and their principle places of business—is precisely the error that the district court made. The convenience *of the parties that agreed to the forum selection clause* cannot outweigh a binding forum selection clause. *See, e.g.*, *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("[W]hile other factors might 'conceivably' militate against a transfer, the clear import of the Court's opinion is that the venue mandated by a choice of forum clause rarely will be outweighed by the other 1404(a) factors.") (quoting *Stewart*, 487 U.S. at 30-31). Such "other factors" include "the convenience of the witnesses and those public-

interest factors of systemic integrity and fairness," ***not*** convenience of the parties

that agreed to the forum selection clause.  *Stewart*, 487 U.S. at 30.

Giving weight to convenience to the bound parties, in the face of a binding

forum selection clause, is error:

> In attempting to enforce the contractual venue, the movant is no
> longer attempting to limit the plaintiff's right to choose its forum;
> rather the movant is trying to enforce the forum that the plaintiff has
> already chose[n]: the contractual venue.  In such cases, we see no
> reason why a court should accord any deference to the forum in which
> the plaintiff filed its action.  Such deference to the filing forum would
> only encourage parties to violate their contractual obligations, the
> integrity of which are vital to our judicial system.

*Ricoh*, 870 F.2d at 573.  The court in *Ricoh* held that "when a motion under §

1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent

bears the burden of persuading the court that the contractual forum is sufficiently

inconvenient to justify retention of the dispute."  *Id*.  Even *Jumara*, on which

Respondents place great weight, holds that "the ***plaintiffs bear the burden*** of

demonstrating why they should not be bound by their contractual choice of forum."

*Jumara*, 55 F.3d at 880 (emphasis added).  Respondents did not even attempt to

satisfy that burden, and the district court erred by incorrectly shifting the burden to

Petitioners to show inconvenience.

Respondents' heavy reliance on *Stewart's* statement that a forum selection

clause is not "dispositive" under § 1404(a), *see* Opp. at 19, is misplaced.  The

Confidential material has been deleted from this page.

*Stewart* court stated only that it is "conceivable" that a forum selection clause

***might be*** outweighed by other § 1404(a) factors—namely, the interests of ***non-***

***party*** witnesses and the applicable public interest factors.  *Stewart*, 487 U.S. at 30-

31.  Here, the "lack of convenience of the parties" to New York was not a

permissible consideration, and the other factors fall far short of outweighing the

forum selection clause.  *See Jumara*, 55 F.3d at 883 (other § 1404(a) factors do not

"overcome the substantial consideration due to the forum selection clause"); *Terra*

*Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 697 (8th Cir. 1997) ("Even if [other

§ 1404(a) factors] weigh in favor of an Iowa forum, however, we cannot say that

they so overwhelmingly favor Iowa as to outweigh the significance of the agreed-

upon forum selection clause.").

## III.    TCEF's Interests Should not Have Been Considered under Any Standard.

Respondents repeatedly state that { ██████████████████████

██████████████████ } and that the charity involved in the donation/license-

back scheme—Court Appointed Special Advocates of Harrison County

("CASA")—{ ████████████████████████████████████

██████ }  Opp. at 15, 25.  Respondents' assertion that venue manipulation had

Confidential material has been deleted from this page.

nothing to do with the transaction is doubtful, {█████████████  ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████}

        Even accepting, for the sake of argument, Azure's claimed charitable

motivation for donating its patent to TCEF, there is no basis for considering the

convenience in a ***patent infringement*** action of: (i) TCEF's "three directors"; (ii)

CASA's "three full-time employees, one part-time employee," and "35

volunteers"; (iii) TCEF's tax attorney at a {████████████████████████

██████}; or (iv) persons that TCEF may or may not have negotiated with, {████

████████████████████████████}  Opp. at 15, 16, 25.  Respondents fail to

articulate any factual information that these persons might be able to contribute as

witnesses that does ***not*** relate solely to the putative transfer of ownership of the

patent-in-suit to TCEF.  Simply by referring to them as potential witnesses,

Respondents are undeniably and explicitly using the presence of TCEF in the

lawsuit as a means for resisting a change in venue.  The district court therefore

---

        [6]        Azure and Stragent share common ownership.  Opp. at 10 n.2.  As
explained in Petitioners' opening brief, Azure and Stragent have begun to routinely
engage in the same practice of joining local charitable organizations to patent
infringement suits on the basis of donation-license arrangements.  *See* Petition, p.
10-11 n.4.  ██████████████████████████████████████████████████████
████████████████████████████████████████████████} Ex. 1, attached hereto
Petitioners' Reply Brief.

erred by giving any weight to the convenience of TCEF and its witnesses, whose only role in this litigation appears to be to provide a long list of names Respondents can use to try to tip the scales in convenience analysis.  As a result, even if the mandatory forum selection clause is not applicable, the case should be transferred to California based on the convenience of the parties and relative lack of substantive connection to Texas.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Petitioners' opening brief, the petition should be granted.

Date:  November 20, 2012

Respectfully submitted,

*/s/ Jason H. Liss*

Jason H. Liss
Wilmer Cutler Pickering
  Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

*/s/ Matthew J. Brigham*

Matthew J. Brigham
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
(650) 843-5677

*Attorneys for the Petitioners*

# DECLARATION OF AUTHORITY

I, Jason H. Liss, hereby attest that (1) no attorneys appearing for Petitioners Qualcomm Incorporated, Qualcomm Atheros, Inc. are available to sign the Reply Brief in support of Petition for Writ of Mandamus and that (2) I have actual authority to sign said Reply Brief on behalf of Matthew Brigham, counsel for Qualcomm Incorporated and Qualcomm Atheros, Inc.

I declare under the penalty of perjury that this declaration is true and correct. Executed November 20, 2012, in Boston, MA.

*/s/ Jason H. Liss*

Jason H. Liss

1

## PROOF OF SERVICE

This is to certify that I have this day served the following documents

1. CONFIDENTIAL REPLY BRIEF IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS; and

2. NON-CONFIDENTIAL REPLY BRIEF IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS

by electronic mail upon:

| | |
|---|---|
| Eric M. Albritton<br>Stephen E. Edwards<br>Michael A. Benefield<br>Debra Coleman<br>ALBRITTON LAW FIRM<br>P.O. Box 2649<br>Longview, Texas 75606<br>Tel: (903) 757-8449<br>Fax: (903) 758-7397<br><br>*Counsel for Respondents Azure Networks, LLC and Tri-County Excelsior Foundation* | |
| Carl R. Roth<br>Brendan C. Roth<br>Amanda A. Abraham<br>THE ROTH LAW FIRM, P.C.<br>115 N. Wellington, Suite 200<br>Marshall, TX 75670<br>Tel: (903) 935-1665<br>Fax: (903) 935-1797<br><br>*Attorneys for Texas Instruments Incorporated* | Jeffrey E.  Ostrow<br>Jonathan C. Sanders<br>SIMPSON THACHER & BARTLETT LLP<br>2550 Hanover Street<br>Palo Alto, California 94304<br>Tel: (650) 251-5000<br>Fax: (650) 251-5002<br><br>Kerry L. Konrad<br>Victor Cole |

|  | SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>Tel: (212) 455-2000<br>Fax: (212) 455-2505<br><br>Andy Tindel<br>Andy Tindel, Attorney & Counselor at Law, P.C.<br>112 East Line Street, Suite 304<br>Tyler, Texas 75702<br>Telephone: (903) 596-0900<br>Facsimile: (903) 596-0909<br><br>*Attorneys for CSR plc, Cambridge Silicon Radio International LLC, Marvell Semiconductor, Inc., Ralink Technology Corporation [Taiwan], and Ralink Technology Corporation [USA]* |

two copies are being served by Federal Express upon:

| The Honorable Leonard Davis<br>U.S. District Court for the<br>Eastern District of Texas<br>211 W. Ferguson, Third Floor<br>Tyler, Texas 75702<br><br>*District Court Judge* |  |

November 20, 2012                    */s/ Jason H. Liss*_____
                                     Jason H. Liss